IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony Fred Martin, #242768, | ) | C/A No. 4:23-cv-1286-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Susan Duffy, Sgt. B. Rogers, #048299, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] (DE 34.) On March 31, 2023, Plaintiff Andrew Fred Martin ("Plaintiff" or "Martin"), a *pro se* prisoner at Broad River Correctional Institution, brought this action against Susan Duffy and Sgt. B. Rogers (collectively "Defendants") under 42 U.S.C. § 1983. (DE 1.) Martin claims, "1st Amendment right of access to the courts" and "8th amendment cruel and unusual punishment." (Id,) Martin also filed a Motion to Leave to Proceed *in forma pauperis*. (DE 2.) Nonetheless, Martin is a prisoner under the definition of 28 U.S.C. § 1915A(c), and he "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Consequently, even if Martin had prepaid the full filing fee, the court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

from a defendant who is immune from such relief. See 28 U.S.C. § 1915A. Accordingly, the Magistrate Judge conducted a pre-screening of this matter and, on April 4, 2023, issued the Report recommending denial of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (DE 2) because Plaintiff has received more than three strikes pursuant to 28 U.S.C. § 1915(g). Specifically, the Magistrate Judge found that from 2013-2018 alone, Martin has brought nine (9) suits that have been dismissed for failure to state a claim.[2]

Martin filed objections to the Report on July 17, 2023. (DE 13.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing

---

[2] See Martin v. Rae, No. 4:18-cv-1937-DCN (summarily dismissed with prejudice for failure to state a claim upon which relief could be granted under § 1915(e)(2(B)(ii)); Martin v. Duffy, No. 4:18-cv-217-DCN (Fourth Circuit Court of Appeals affirmed the summary dismissal of Plaintiff's action that was a duplicate filing of No. 4:15-cv-4947-DCN and was also dismissed for failure to state a claim upon which relief could be granted as to Plaintiff's due process claim under § 1915(e)(2)(B)(ii); Martin v. Duffy, No. 4:15-cv-2104-DCN (Fourth Circuit of Appeals dismissed Plaintiff's appeal of the summary dismissal of his claims under § 1915(e)(2)(B); Martin v. Merchant, No. 4:15-cv-1569-DCN (summarily dismissed for failure to state a claim upon which relief can be granted); Martin v. Gossett, No. 4:13-cv-2187-DCN (summarily dismissed under § 1915(e)(2)(B) based on judicial immunity); Martin v. Byars, No. 4:13-cv-2067-DC (Fourth Circuit Court of Appeals affirmed the summary dismissal of Plaintiff's action for failure to state a claim upon which relief could be granted under § 1915(e)(2)(B); Martin v. Blinkley, No. 4:13-cv-1568-DCN (Fourth Circuit Court of Appeals affirmed the summary dismissal under § 1915(e)(2)(B) of Plaintiff's action for failure to state a claim upon which relief could be granted); Martin v. McCauley, No. 4:13-cv-1567-DCN (Fourth Circuit Court of Appeals affirmed the summary dismissal under § 1915(e)(2)(B) of Plaintiff's action for failure to state a claim upon which relief could be granted); Martin v. Byars, No. 4:13-cv-1016-DCN (summarily dismissed under § 1915(e)(2)(B) for failure to state a claim upon which relief could be granted).

Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Although many of Martin's objections are non-specific, the Court can glean the following objections to the Report: (1) Martin claims because he has filed an appeal regarding the dismissal of Martin v. Duffy 4:15-cv-04847, that case should not be counted as strikes under the PLRA, and (2) Martin states " the incoming civil action before this court cannot be counted as a dismissal because technically Plaintiff is currently on appeal and was on appeal by notice to the District Court at the time the Report and Recommendation was made." (DE 13, pp. 1-3.) The PLRA provides:

> In **no event shall** a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, **or** fails to state a claim upon which relief may be granted, **unless** the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)(emphasis added). Furthermore, "A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1727 (2020). First, the Magistrate Judge did not consider Martin v. Duffy, 415-cv-0487 or the current suit in counting strikes against Martin under the PLRA. Furthermore, after a de novo review, the Court can identify *at least* three previous suits brought by Martin while he was incarcerated that were dismissed for failure to state a claim upon which relief may be granted that squarely fall within the definition of a strike under the PLRA. See e.g. supra note 2. Therefore, Martin's objections are overruled.

3

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 7) and incorporates it by reference as modified herein. To proceed with this Complaint, Plaintiff must pay the full filing fee (currently $350) plus the $52 administrative fee for a total fee due of $402. Plaintiff is provided twenty-one (21) days to pay the filing fee, or the case will be dismissed.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 3, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.